UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY HAMMONDS,

    Plaintiff,                                Civil No. 2:23-10245
                                                    HON. NANCY G. EDMUNDS
                                                    UNITED STATES DISTRICT JUDGE

v.

BARON, et. al.,

    Defendants,
_____/

**OPINION AND ORDER SUMMARILY
DISMISSING CIVIL RIGHTS COMPLAINT**

**I. Introduction**

Billy Hammonds, ("Plaintiff"), incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The complaint is summarily denied because Plaintiff failed to state a claim upon which relief can be granted.

**II. Standard of Review**

Plaintiff is allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

(B) the action or appeal:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

1

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612. A federal court is permitted to consider any prison grievances and responses to those grievances that are attached to and incorporated in a *pro se* prisoner complaint in determining whether or not the case is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failing to state a claim upon which relief can be granted. *See e.g. White v. Caruso*, 39 F. App'x. 75, 78 (6th Cir. 2002). Courts are also permitted to review other documents that are attached to a *pro se* complaint to determine whether or not a *pro se* plaintiff states a claim upon which relief can be granted or whether the complaint should be summarily dismissed. *See e.g. Powell v. Messary*, 11 F. App'x. 389, 390 (6th Cir. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff claims while incarcerated at the Woodland Center Correctional Facility, he was handcuffed to a bed semi-nude without a blanket for 72 hours. Plaintiff acknowledges that he was placed on top of the bed in restraints because he had engaged in self—injurious behavior. Plaintiff claims that the top of his bed was directly below an air vent, which blew cold air from the air conditioner onto plaintiff, causing him discomfort. Plaintiff asked for a blanket, but the defendants denied him a blanket for the time that he was on bed restraints. Plaintiff alleges that the cold air exacerbated his anemic condition. Plaintiff seeks injunctive relief.

### IV. Discussion

The complaint must be dismissed because Plaintiff failed to state a claim upon which relief can be granted.

"Short term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation." *Gilland v. Owens*, 718 F. Supp. 665, 685 (W.D. Tenn. 1989). Although plaintiff's allegations suggest that he was subjected to discomfort by the brief deprivation of a

blanket and some of his clothing, he has not demonstrated that this left him at a substantial risk of serious harm. *Assi v. Hanshaw*, --- F. Supp. 3d---, 2022 WL 4069194, at * 15 (S.D. Ohio Sept. 2, 2022).

In addition, it is obvious both from plaintiff's complaint and the responses to his grievances, which he has attached, that the defendants temporarily denied him a blanket because he had engaged in self-injurious behavior. In *McMahon v. Beard*, 583 F.2d 172, 175 (5th Cir. 1978), the Fifth Circuit held that depriving a suicidal inmate of all clothing and sheets for three months did not violate the Constitution. In order to prevent an inmate from killing or harming himself, he or she "may be deprived not only of belts and ties but also of pens, sheets, blankets, even clothing, for almost any object may be used to harm oneself…" *Myers v. Cnty. of Lake, Ind.*, 30 F.3d 847, 850 (7th Cir. 1994). Thus, where prison officials believe that an inmate is suicidal, "failure to take measures for that person's safety—including removing clothing and blankets with which he might cause himself harm—would amount to deliberate indifference." *Trujillo v. Sherman*, No. 116CV01277DADJLTPC, 2017 WL 1549937, at *4 (E.D. Cal. May 1, 2017). Given the record in this case, "no reasonable jury could conclude that the blanket restriction was 'blatantly inappropriate' or reckless." *Conner v. Hoem*, 768 F. App'x 560, 565 (7th Cir. 2019).

Plaintiff failed to state a claim upon which relief can be granted; his complaint shall be dismissed. Because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

5

## V.  ORDER

Accordingly, it is **HEREBY ORDERED** that the civil rights complaint is **DISMISSED WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

s/ Nancy G. Edmunds  
HON. NANCY G. EDMUNDS  
UNITED STATES DISTRICT JUDGE

Dated:  February 8, 2023